IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPH BOBZIEN and REBECCA BOBZIEN,

                                  ORDER

            Plaintiff,

                                12-cv-357-bbc

    v.

WYNDHAM VACATION RESORTS, INC.
and CIT BANK,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary, declaratory and injunctive relief, plaintiffs Ralph Bobzien and Rebecca Bobzien are alleging that defendant Wyndham Vacation Resorts, Inc. "engaged in an elaborate pattern of deception in order to make a profit off of timeshare sales to" them and that defendant CIT Bank "provid[ed] loans to the Bobziens without their knowledge." Am. Cpt., dkt. #24, at 1. Plaintiffs are asserting various claims under Wisconsin consumer and tort law.

      Defendant Wyndham removed this action from the Circuit Court for Sauk County, Wisconsin under 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000.

      Unfortunately, questions remain regarding the parties' citizenship and the amount in controversy. With respect to citizenship, defendant Wyndham has admitted in its answer

1

that it is incorporated in Delaware and its principal place of business is in Florida. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state where its principal place of business is located). However, the citizenship of the other parties is less clear.

The first problem is one that is all too common in this court. In the notice of removal, defendant Wyndham stated that plaintiffs are "citizens" of Wisconsin, dkt. #1, ¶ 7, but it relied on plaintiffs' complaint for this proposition. That complaint says that plaintiffs are "residents" of Wisconsin, not citizens. Dkt. #1-1, ¶ 1. Plaintiffs' amended complaint repeats the same allegation. Dkt. #24, ¶ 2.

Both the Court of Appeals for the Seventh Circuit and this court have repeated many times that citizenship and residency are not the same thing for the purpose of determining diversity jurisdiction under § 1332 and that an allegation of residency is not sufficient. E.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). See also Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008); Camico Mutual Insurance Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003). Rather, the relevant question is where the individual is domiciled, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

2

The parties are silent on that issue.

Although one might argue that it is reasonable to infer domicile from residency, at least in the absence of evidence to the contrary, that is not the position taken by the court of appeals. In re Sprint Nextel Corp., 593 F.3d 669, 674 (7th Cir. 2010). This is not a new or obscure rule in this circuit, so there is no excuse for counsel to overlook it, particularly because the court of appeals has expressed its dismay on multiple occasions regarding parties' failure to demonstrate the presence of subject matter jurisdiction and has sanctioned them as a result. Smoot v. Mazda Motors of America Inc., 469 F.3d 475 (7th Cir. 2006) (directing parties to show cause why they should not be sanctioned for failing to submit proper jurisdictional statement); BondPro Corp. v. Siemens Power Generation Corp., 466 F.3d 562 (7th Cir. 2006) (sanctioning lawyers $1000 for inadequate jurisdictional statement); Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003) (vacating jury verdict after determining that jurisdiction was not present: "The complaint should not have been filed in federal court . . ., the answer should have pointed out a problem . . . , and the magistrate judge should have checked all of this independently."); May Dept. Stores Co. v. Federal Insurance Co., 305 F.3d 597, 598 (7th Cir. 2002) ("[T]he district judge and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark.").

Defendant CIT Bank was not a party at the time of removal, so defendant Wyndham did not address its citizenship in the notice of removal. In plaintiffs' amended complaint,

they allege that CIT is a "Utah corporation," dkt. #24, ¶ 4, but they say nothing about CIT's principal place of business. Although CIT was not a defendant at the time of removal, that does not mean I can ignore it in determining whether jurisdiction exists. Under 28 U.S.C. § 1447(e), the citizenship of a new party is still relevant; however, if the new party would destroy subject matter jurisdiction, the court has the option of denying joinder if remand would be inequitable under the circumstances. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009). Of course, without knowing CIT's citizenship, it is impossible to determine whether it is necessary to apply § 1447(e).

The amount in controversy is uncertain as well. In the notice of removal, defendant Wyndham relied on a settlement offer from plaintiff in the amount of $123,500, but I am not aware of any authority standing for the proposition that the amount in controversy is determined by a settlement offer. A plaintiff could demand a million dollars for breaching a contract worth a hundred dollars, but that would not mean that the plaintiff would be entitled to sue in federal court under § 1332. Rather, the question is whether there is a "a good-faith basis for supposing that the plaintiff crossed the threshold." Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC, 589 F.3d 881, 886 (7th Cir. 2009).

In both their original and amended complaint, the only dollar amounts plaintiffs identify are $12,300, which is what they say they have paid to Wyndham, and $20,000, which is what they say is the amount Wyndham alleges is still owed. Because plaintiffs are seeking to enjoin Wyndham from collecting any more money from them, they may include the $20,000 in the amount in controversy, Macken ex rel. Macken v. Jensen, 333 F.3d 797,

799-800 (7th Cir. 2003), but even the two amounts together are well below the jurisdictional minimum.

In their request for relief, plaintiffs include "treble damages" and "punitive damages." Although these damages are part of the amount in controversy, Hunt v. DaVita, Inc., 680 F.3d 775, 777-78 (7th Cir. 2012), neither party explains whether there is a good faith basis for believing that such damages are available in this case or that, if they are, plaintiffs can recover enough of those damages to meet jurisdictional requirements.

Another wrinkle regarding the amount in controversy is that there are multiple plaintiffs and multiple defendants in this case. Generally, the amount in controversy must be met with respect to *each* defendant and with respect to at least one individual plaintiff. McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009); LM Ins. Corp. v. Spaulding Enterprises Inc., 533 F.3d 542, 548 (7th Cir. 2008). There are exceptions to these general rules when the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest," Snyder v. Harris, 394 U.S. 332, 335 (1969), and when the defendants are jointly liable. LM Insurance, 533 F.3d at 548.

With respect to the multiple plaintiffs issue, it may be likely that plaintiffs have "a common and undivided interest" in recovery in this case, but it is impossible to make the determination from their complaint. With respect to the multiple defendants issue, plaintiffs do not attempt to quantify the damages they sustained from defendant CIT (the $12,300 and $20,000 relate to their claims against defendant Wyndham) and it is impossible to determine from the complaint whether they might exceed $75,000.

5

Although the parties have not raised any issues regarding subject matter jurisdiction, I have an independent obligation to insure that it exists. DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009). Because defendant Wyndham removed the case, it has the burden of proof on this issue. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir, 2009). However, I am aware that some of the jurisdictional questions have arisen because of plaintiffs' decision to add CIT as a defendant. Thus, it may be in all parties' interests to submit a joint filing that addresses each of the issues raised in this order. However, if the parties are unable to do this, Wyndham should make the first attempt to show that jurisdiction is present. If it is unable to obtain the information necessary to show that the diversity requirements are met as to CIT, then it should address the issue whether CIT should be dismissed from the case or the case should be remanded to state court.

ORDER

IT IS ORDERED that defendant Wyndham Vacation Resorts, Inc. and any other party who wishes to proceed in federal court may have until November 28, 2012 to show that subject matter jurisdiction exists in this case, addressing each of the issues raised in this order. Any party who wishes to file a response may have until December 3, 2012, to do so. In the event that defendant CIT Bank's presence in the lawsuit destroys diversity jurisdiction, the parties should address the question whether the appropriate course of action

is to dismiss CIT from the case or to remand the case to state court.

Entered this 19th day of November, 2012.

                              BY THE COURT:

                              /s/
                              BARBARA B. CRABB
                              District Judge