IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPH BOBZIEN and REBECCA BOBZIEN,

                 ORDER

       Plaintiff,

                 12-cv-357-bbc

  v.

WYNDHAM VACATION RESORTS, INC.
and CIT BANK,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This case arises out of time share purchases made by plaintiffs Ralph Bobzien and Rebecca Bobzien from defendant Wyndham Vacation Resorts, Inc. In their amended complaint, plaintiffs allege that Wyndham used "high pressure" tactics and made false and misleading statements to close the sale. When plaintiffs reported trouble making payments two years later, Wyndham promised to lower their payments, but instead obtained a second loan for them through defendant CIT Bank without their knowledge. Plaintiffs are asserting various claims under Wisconsin consumer and tort law. Although the parties have filed several motions that are ripe for review, dkt. ##32, 36, 40 and 43, a threshold question is whether this court has subject matter jurisdiction.

    Defendant Wyndham removed this case from state court, relying on 28 U.S.C. § 1332, which requires complete diversity of citizenship between the plaintiffs and defendants and an amount in controversy greater than $75,000. After removal, plaintiffs amended their

1

complaint to include defendant CIT. If the addition of a new party after removal will destroy diversity jurisdiction, the court must decide whether to remand the case or deny joinder. 28 U.S.C. § 1447(e); Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009).

In an order dated November 19, 2012, dkt. #66, I noted several potential problems with jurisdiction. With respect to diversity, the parties failed to identify plaintiffs' or defendant CIT's citizenship. With respect to the amount in controversy, defendant Wyndham relied solely on a settlement offer from plaintiffs for $123,500, but it was not clear how plaintiffs generated that figure because the only dollar amounts plaintiffs identified in their pleadings were $12,300, which is what they say they have paid to Wyndham, and $20,000, which is what they say is the amount Wyndham alleges is still owed. Although plaintiffs included "treble damages" and "punitive damages" in their request for relief, they did not identify a good faith basis for believing that such damages are available in this case or that, if they are, plaintiffs can recover enough of those damages to meet the jurisdictional requirements.

Another problem was that the parties had not addressed the amount in controversy with respect to each plaintiff and defendant. Snyder v. Harris, 394 U.S. 332, 335 (1969) ("The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only . . . in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."); Middle Tennessee News Co. v. Charnel of

Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001) ("[W]hen there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant."). In fact, plaintiffs did not make any attempt in their complaint to quantify the damages they sustained from defendant CIT.

I gave each of the parties an opportunity to file supplemental materials to address these issues. In their responses to the November 19 order, defendants have shown that diversity of citizenship exists. Plaintiffs are citizens of Wisconsin; defendant Wyndham is a citizen of Delaware and Florida; defendant CIT is a citizen of Utah. Unfortunately, however, the parties' responses do not show a good faith basis for concluding that the amount in controversy is greater than $75,000.

In its response, defendant Wyndham relies entirely on a footnote in a brief plaintiffs filed in opposition to a motion for a protective order:

> The Bobziens' claims for damages related to their 2008 timeshare purchase include:1) $25,696, the total sales price of the timeshare; 2) a downpayment of $1,315; 3) 31 monthly payments of $203.18; and 4) $456.96 for annual maintenance payments from September 2008 to March 2011. The Bobziens' claims for damages related to their 2010 timeshare purchase include: 1) $27,999.49, the total sales price of the timeshare; 2) a downpayment of $4,973.89; 3) 3 monthly payments of $191.88; and 4) $567 for annual maintenance payments from January to March 2011. The Bobziens also claim double and triple damages pursuant to various statutes, and punitive damages. Therefore, the Bobziens' potential damages in this case exceed $300,000, which does not include costs and attorney's fees, which the Bobziens will be entitled to if the successfully prove any of their claims or successfully defend themselves from Wyndham's claims.

Dft. Wyndham's Br., dkt. #67, at 2 (citing Plts.' Br., dkt, #20, at 1 n.1).

The items in this passage are simply a list of numbers, not damages. In both their amended complaint and their response to the November 19 order, plaintiffs say that their "actual damages" are a combination of the amount they have paid to defendant Wyndham and ($12,300) and the amount Wyndham claims they still owe ($20,000). (It is inaccurate to use the word "damages" to describe the amount allegedly owed; plaintiffs cannot recover what they have not paid. However, the $20,000 may be included in the amount in controversy because plaintiffs are seeking to enjoin Wyndham from collecting that amount. Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799-800 (7th Cir. 2003).) If Wyndham is not trying to collect the sale price from plaintiffs, it makes no difference what that price might have been. Presumably, the down payment, monthly payments and maintenance payments are included in the $12,300 estimate.

Like plaintiffs' amended complaint, the passage does not explain the basis for awarding punitive, double or treble damages. Although defendant Wyndham cites statutes that allow double or treble damages under certain circumstances, no party identifies any basis for believing that such damages could satisfy the jurisdictional minimum when combined with other damages. Even if plaintiff's actual damages of $12,300 were trebled, the amount would still be well below $75,000.

With respect to plaintiffs' attorney fees, I cannot include any fees incurred after removal. Hart v. Schering-Plough Corp., 253 F.3d 272, 273-74 (7th Cir. 2001). In any event, plaintiffs make no attempt to quantify these in their amended complaint or their

response to the November 19 order.

Finally, all parties have ignored the question I raised regarding whether it is appropriate to aggregate each plaintiff's damages. They simply assume that they can do so without any justification or explanation.

Plaintiffs' showing as to defendant CIT is even weaker. All of plaintiffs' claims against CIT arise under the Wisconsin Consumer Act. In particular, plaintiffs allege that CIT failed to provide them an "exact copy" of certain documents, as required by Wis. Stat. § 422.302; failed to provide notice, as required by Wis. Stat. § 423.203; solicited the loan in a manner that violated Wis. Stat. § 423.301 (plaintiffs do not specify what CIT did); inserted illegal terms in the loan documents, in violation of Wis. Stat. §§ 421.201, 421.401, 422.411, 422.413 and 425.103; failed to act in good faith, as required by Wis. Stat. § 421.108; and failed to provide certain disclosures, as required by Wis. Stat. § 422.308. Am. Cpt. ¶¶ 64-73, dkt. #24.

Although plaintiffs have asserted many claims, the statutory damages that may be awarded for most of them are small, ranging from $25 to $1000 dollars. Wis. Stat. §§ 425.302 and 425.304. Plaintiffs are entitled to "actual damages" as well, but they identify that amount incorrectly as $32,300. The claims against defendant CIT relate solely to the second loan, which plaintiffs' own documentation shows to be approximately $5,000. Dkt. #68-1. Plaintiffs do not even try to explain why their damages against defendant Wyndham should be attributed to CIT.

I conclude that the parties have failed to show that the amount in controversy

5

between at least one plaintiff and each defendant is greater than $75,000. Accordingly, I am remanding the case to state court for lack of jurisdiction.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Sauk County, Wisconsin for lack of subject matter jurisdiction.

Entered this 5th day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge